1  James E. Doroshow (SBN 112920)
       jdoroshow@foxrothschild.com
2  Ashe Puri (SBN 297814)
       apuri@foxrothschild.com
3  FOX ROTHSCHILD LLP
   1800 Century Park East, Suite 300
4  Los Angeles, CA 90067-1506
   Telephone:  310-598-4150
5  Facsimile:   310-556-9828

6  Attorneys for Plaintiff
   PARADIGM HEALTH & WELLNESS, INC.
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 | PARADIGM HEALTH & WELLNESS, | Case No.: _____
   | INC.,                       |
12 |                             | Hon. Judge _____
   |        Plaintiff,           |
13 |                             | **COMPLAINT FOR:**
   |    v.                       |
14 |                             | **(1)   PATENT INFRINGEMENT** (35
   | ONEBIGOUTLET, RGE MOTOR     |        U.S.C. § 271)
15 | DIRECT, INC. d/b/a ONEBIGOUTLET, | **(2)   CALIFORNIA UNFAIR**
   | and DOES 1-10, inclusive,   |        **COMPETITION** (CAL. BUS. &
16 |                             |        PROF. CODE § 17200, *et seq.*)
   |        Defendants.          |
17 |                             | **[JURY TRIAL REQUESTED]**

18

19

20

21

22

23

24

25

26

27

28

                          COMPLAINT
                             1

1    Plaintiff Paradigm Health & Wellness, Inc. ("Paradigm"), by and through its

2    undersigned attorneys, brings this action against Defendants OneBigOutlet, RGE

3    Motor Direct, Inc. d/b/a OneBigOutlet ("RGE Motor Direct") and DOES 1-10

4    (collectively, "Defendants") as follows:

5                          **NATURE OF THE ACTION**

6          1.    This is an action for patent infringement and California unfair

7    competition.  The patent-in-suit, U.S. Patent No. 7,077,795 (the "'795 Patent"),

8    involves a feet-binding apparatus for a tilting inversion exercise machine ("Inversion

9    Machine").  Generally speaking, an Inversion Machine consists of a rotating table that

10   enables users to change from an upright position to an inverted position for the

11   purpose of relieving stress, reducing back pain, improving posture and increasing

12   flexibility.  *See* Exh. A ('795 Patent).  A feet-binding apparatus is used to secure a

13   user's feet to the Inversion Machine in order to prevent the user from falling while the

14   machine is in an inverted position.  Prior to the '795 Patent, the process for securing a

15   user's feet to the feet-binding apparatus was well-known to be overly complex and

16   inconvenient requiring a number of steps to be performed before a user could be

17   securely fixed to the Inversion Machine.  *See* Exh. A, Col. 1, l. 17-43.  The patented

18   invention revolutionized the design of the feet-binding apparatus by enabling users to

19   easily clamp and fixedly secure their feet in position, thereby eliminating the

20   complexities and inconveniences associated with traditional Inversion Machines.

21         2.    Instead of pursuing independent product development, Defendants have

22   copied the patented invention and have sold infringing products in an effort to usurp

23   market share from Paradigm.

24         3.    Paradigm now files this lawsuit to put an end to Defendant's continued

25   infringement and to recover damages resulting from Defendant's infringement.

26   ///

27   ///

28   ///

COMPLAINT

**THE PARTIES**

4.     Paradigm is a California corporation with its principal place of business at 1189 Jellick Avenue, City Of Industry, CA 91748.  Paradigm is a leading supplier of health, wellness, and fitness products.

5.     Paradigm is informed and believes, and on that basis alleges, that Defendants OneBigOutlet and RGE Motor Direct are California corporations with their principal place of business at 19223 Colima Road, Suite 984, Rowland Heights, CA 91748-3005.  Paradigm is further informed and believes, and on that basis alleges, that OneBigOutlet and RGE Motor Direct are online retailers and wholesalers.

6.     Paradigm is ignorant of the true names and capacities of the Defendants sued herein under the fictitious names Does 1-10 (the "Doe Defendants").  Upon information and belief, the Doe Defendants have engaged in, supported, and/or directed the activities of OneBigOutlet and RGE Motor Direct, or are otherwise responsible for the acts and omissions, for each of the matters alleged in this Complaint.  To date, Paradigm has been unable to identify the names of the Doe Defendants and, therefore, sues them by their fictitious names at this time.  Paradigm will amend this Complaint to allege the true names and capacities of such Doe Defendants when ascertained.

**JURISDICTION AND VENUE**

7.     This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. §§ 271 and 281, and for unfair competition under the laws of the State of California, including under Cal. Bus. & Prof. Code § 17200, *et seq*.

8.     This Court has original subject matter jurisdiction over the patent infringement claim in this action pursuant to 35 U.S.C. § 271 as this claim arises under the laws of the United States.  The Court has supplemental jurisdiction over the unfair competition claim in this action that arises under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because this claim is so related to the federal

claim that it forms part of the same case or controversy and derives from a common nucleus of operative facts.

9.    This Court has personal jurisdiction over Defendants OneBigOutlet and RGE Motor Direct by virtue of the fact that they are California corporations with their principal place of business in this District and are transacting business in this District.

10.    Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)(1), (2) and § 1400 (b).

## FACTS

11.    On August 5, 2004, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 7,077,795 (the "'795 Patent") to Shi-Lin Chen. The '795 Patent is entitled "Feet-Binding Apparatus For A Tilting Inversion Exercise Machine."   A true and correct copy of the '795 Patent is attached hereto as Exhibit A.

12.    On or around May 24, 2006, Shi-Lin Chen assigned his right, title, and interest in the '795 Patent to LifeGear, Inc.  On or around December 7, 2007, LifeGear Inc. assigned its right, title, and interest in the '795 Patent to Fitness Research Co., Ltd.  On January 1, 2012, Fitness Research Co., Ltd. granted Paradigm an exclusive license under the '795 Patent.

13.    Generally speaking, an Inversion Machine consists of a rotating table that enables users to change from an upright position to an inverted position, thereby relieving stress, reducing back pain, improving posture, and increasing flexibility.  To secure the user from falling off while in an inverted position, an Inversion Machine typically includes a feet-binding apparatus.

14.    Prior to the '795 Patent, the feet-binding apparatus used in conventional Inversion Machines was complex and inconvenient for users.  *See* Ex. A, Col. 1, l. 11-43.   For example, as described in the '795 Patent, it was common for conventional Inversion Machines to require the users to first clamp their feet, and then insert a pin into a hole associated with the feet cushions using a "pop pin system" in order to secure themselves in place.  *Id.*  This entire process, however, was time-consuming,

overly complex and caused great inconvenience for the user. *Id.* Furthermore, with a pop pin system, there is always the risk of user error, for example, if the user does not fully insert the pin into the hole associated with the feet cushions causing the feet to become unsecure while inverted.

15. The '795 Patent revolutionized the design of the feet-binding apparatus eliminating the complexities and inconvenience for users to secure themselves onto the Inversion Machine. Among other features, the patented invention uses an apparatus that includes an adjusting device, an ankle holder, and a control device. The control device includes a pivoting member, a ratchet, a pawl, a control bar, an actuating rod, a biasing member, and a switch.

16. The '795 Patent contains nine claims. Claims 1 and 2 of the '795 Patent are independent claims. Claims 3-5 depend on Claim 1. Claims 6-9 depend on Claim 2.

17. Upon information and belief, Defendants OneBigOutlet and RGE Motor Direct has been selling a fitness inversion table called the "Fitness Inversion Table Deluxe Exercise Chiropractic Gravity Back Pain Relief" (herein, the "Accused Product"). Photos of advertisements of the Accused Product are attached hereto as Exhibit B. The Accused Product infringes at least Claims 2, 6 and 9 of the '795 Patent under the doctrine of equivalents for the reasons discussed below.

18. Claim 2 describes a feet-binding apparatus which includes an adjusting device, an ankle holder, and a control device. The control device consists of a pivoting member, a ratchet, a pawl, a control bar, and an actuating rod. The Accused Product contains all of these elements as identified and shown in Exhibit C.

19. According to Claim 2, the control device also includes a biasing member and a switch. According to Claim 2, the switch has a reception portion and a button. According to Claim 2, the biasing member is positioned inside the reception portion of the switch. There are also two insubstantial differences between the Accused Product and the button and biasing member components of the invention described in

COMPLAINT
5

Claim 2.  *First,* upon information and belief, the Accused Product uses a knob to adjust the ratchet instead of a button as described in Claim 2.  *See* Exhibit C.  This difference, however, is insubstantial because the knob and button perform the same function, including the way and result, of adjusting the ratchet to secure the user's feet.  *Second,* upon information and belief, the biasing member in the Accused Product is located towards the bottom of the control bar rather than at the reception portion, as described in Claim 2.  *See* Exhibit C.  Again, this difference is insubstantial because the biasing member in the Accused Product performs the same function, including the way and result, of the biasing member of the patented invention of adjusting the ratchet.

20.     Upon information and belief, the Accused Product also infringes dependent claims 6 and 8-9 of the '795 Patent because:  i) the frictional portion of the adjusting bar comprises a plurality of tooth gaps arranged in seriation, and the claw portion of the pawl is hooked, as described in Claim 6; ii) the biasing member comprises a spring, as described in claim 9.  These specific components of the Accused Product are identified in the photos attached hereto in Exhibit C.

21.     On December 17, 2015, Paradigm notified Defendant in writing that the Accused Product infringes the '795 Patent and that Defendant OneBigOutlet must discontinue selling the Accused Product.  On January 21, 2016, Defendant responded to Paradigm's letter, but denied that the Accused Product infringes the '795 Patent and has refused to stop selling the Accused Product.

## FIRST CAUSE OF ACTION

### PATENT INFRINGEMENT

#### Against All Defendants

22.     Paradigm realleges paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23.     Defendants OneBigOutlet, RGE Motor Direct and the Doe Defendants through their agents, employees, and representatives, have infringed and continue to

COMPLAINT
6

infringe at least Claims 2, 6 and 9 of the '795 Patent (Exhibit A) in violation of 35 U.S.C. § 271(a) by at least directly and/or indirectly making, using, selling, offering for sale, and/or importing an Inversion Machines, including one that is called the "Fitness Inversion Table Deluxe Exercise Chiropractic Gravity Back Pain Relief" (Exhibit B).

24.     At the same time, Defendants have contributed and/or induced others to make, sell, offer for sale, or import Inversion Machines into the United States covered by the '795 Patent in violation of 35 U.S.C. § 271(b) and (c).

25.     Paradigm has sustained damages as a direct and proximate result of Defendants' infringing activities and will continue to sustain damages in the future unless the infringement of the '795 Patent is permanently enjoined by this Court.

26.     Pursuant to 35 U.S.C. § 284, Paradigm is entitled to damages for Defendants' infringing acts together with interests and costs as fixed by this Court.

27.     Due to aforesaid infringing acts, Paradigm has suffered great and irreparable injury, for which Paradigm has no adequate remedy at law.  Paradigm is informed and believes, and on that basis alleges, that Defendant will continue to infringe the '795 Patent to the great and irreparable injury of Paradigm, unless enjoined by this Court.

## SECOND CAUSE OF ACTION

### UNFAIR COMPETITION

### Against All Defendants

(Cal. Bus. & Prof. Code § 17200, *et seq.* and California common law)

28.     Paradigm realleges paragraphs 1 through 27 of this Complaint as though fully set forth herein.

29.     The foregoing acts of Defendants of patent infringement constitute unfair competition under California Business and Professions Code § 17200, *et seq.* and the common law of the State of California.

///

30.     Paradigm is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' unfair competition in an amount that is not presently known to Paradigm.  By reason of Defendants' wrongful acts as alleged in this Complaint, Paradigm has been damaged and is entitled to monetary relief in an amount to be determined at trial.

31.     By their actions, Defendants have injured and violated Paradigm's rights and has irreparably injured Paradigm, and such irreparable injury will continue unless Defendants are enjoined by this Court.

WHEREFORE, Paradigm prays for the following relief:

a.   A judgment that that '795 Patent is valid and has been infringed by Defendants;

b.   An accounting for damages, and judgment thereon, resulting from Defendants' infringement of the '795 Patent, together with prejudgment and post-judgment interest;

c.   A permanent injunction against Defendants, their officers, agents, employees, parent, and subsidiary corporations, assigns, successors in interest, and all those persons in active concert or participation with them, enjoining them from continued infringement of the '795 Patent;

d.   A judgment in favor of Paradigm and against Defendants on Paradigm's California state and common law unfair competition claim, and that Defendants' acts of unfair competition were intentional, willful and done knowingly;

e.   A permanent injunction against Defendants, their officers, agents, employees, parent, and subsidiary corporations, assigns, successors in interest, and all those persons in active concert or participation with them, enjoining them from continuing said acts of unfair competition;

f.  For damages, directly and indirectly, caused by said acts of unfair competition, and for costs of suit; and

g.  Such other and further relief as the Court deems just and proper.

Dated:  April 5, 2016                    FOX ROTHSCHILD LLP


By  /s/ Ashe Puri
                                         James E. Doroshow
                                         Ashe Puri
                                         Attorney for Plaintiff
                                         PARADIGM HEALTH & WELLNESS, INC.

COMPLAINT
9

1

### DEMAND FOR JURY TRIAL

2

Plaintiff hereby requests a jury trial for all claims and issues triable by a jury.

3

4

Dated: April 5, 2016                                FOX ROTHSCHILD LLP

5

6                                        By   */s/ Ashe Puri*
                                                James E. Doroshow
7                                              Ashe Puri
                                               Attorney for Plaintiff
8                                              PARADIGM HEALTH & WELLNESS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ACTIVE 38929640v2 04/05/2016